IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )        2:13cr73-MHT
                            )           (WO)
TERRANCE TYRONE SIMS        )
```

### OPINION AND ORDER

In 2014, Amendment 782 to the United States Sentencing Guidelines revised the guidelines applicable to the drug-trafficking offense for which this court sentenced defendant Terrence Tyrone Sims. The Sentencing Commission simultaneously promulgated Amendment 788, making Amendment 782 retroactive. This court established a Retroactivity Screening Panel to determine whether a defendant might be eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Sims's case was submitted for review, but the Panel was unable to reach a unanimous recommendation regarding a sentence reduction due to a disagreement over the applicable law--namely, whether the Eleventh Circuit's holding in United States v. Glover, 686 F.3d

1203 (11th Cir. 2012), that a below-mandatory-minimum sentence cannot be reduced based on a retroactive amendment to the Guidelines, was abrogated by the Commission's subsequent promulgation of Amendment 780, which states that a reduction should be made without regard to the mandatory minimum when the court originally departed below it based on a substantial-assistance motion.

This court recently held that eligibility for a sentence reduction is governed by Amendment 780. See United States v. Morris, No. 3:07CR261-MHT, -- F. Supp. 3d --, 2015 WL 7756138 (M.D. Ala. Dec. 2, 2015). In accordance with Morris, Sims is eligible for a reduction. Furthermore, the court finds that a reduction is warranted in Sims's case. The Panel found that there are no public safety or post-sentencing conduct issues that would preclude the defendant from being considered for a reduced sentence.

Presumably due to this court's prior ruling in Morris, the Retroactivity Screening Panel calculated

2

that, if this court were to grant a two-level
reduction, the reduced sentencing range would be 51 to
63 months. On a conference call on the record on
February 24, 2016, counsel for the parties agreed that
the court should reduce Sims's sentence by two levels
and impose a sentence at the low end of the new range,
for a sentence of 51 months. The court agrees that
this is an appropriate reduced sentence.[*]

* * *

_____

    *   The court raised with the parties the question
whether the amount by which Sims's amended sentence is
"comparably less" than the amended guideline range
should be calculated on the basis of levels, as in the
Retroactivity Screening Panel's recommendation (doc.
no. 164), or on the basis of percentages, as in
U.S.S.G. § 1B1.10(b)(2)(B) & cmt. n. 4(B). See Order
(doc. no. 68). Based on the representations of the
parties at a telephonic hearing held on the record on
February 25, 2016, the court has decided to employ the
Panel's method of calculation for the purposes of this
case, because the practical difference in the resulting
reduction will be minimal, as he should be released
immediately under either approach. This decision
should not, however, be taken as an endorsement of the
level-wise over the percentage-wise approach to
calculating "comparably less" sentences in all cases in
which there is a disparity between the two.

After conducting an independent and de novo review of the record, it is ORDERED, pursuant to 18 U.S.C. § 3582(c)(2), that the sentence of imprisonment of 63 months previously imposed on defendant Terrance Tyrone Sims, as reflected in the last judgment issued, is reduced to 51 months.

DONE, this the 25th day of February, 2016.

__ /s/ Myron H. Thompson____
**UNITED STATES DISTRICT JUDGE**